### In re SIMMONS et al.

(Supreme Court, Special Term, Westchester County. May 1, 1909.)

1. EMINENT DOMAIN (§ 205*)—PROCEEDINGS—EVIDENCE.

Evidence *held* not to show that tracts sought to be condemned were marketable as building lots, nor that they had a market value as such.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 544; Dec. Dig. § 205.*]

2. EMINENT DOMAIN (§ 202*) — PROCEEDINGS — ADMISSIBILITY OF EVIDENCE — VALUE OF SEPARATE LOTS IN TRACT.

Where the evidence in proceedings to condemn tracts of land did not show that the tracts were marketable as building lots, or that they had a market value as such, or that purchasers of such lots as the tracts were subdivided into could be found, evidence as to the value of the separate lots was not admissible on the question of the value of the tracts in their entirety.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 202.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the application of J. Edward Simmons and others, constituting the Board of Water Supply of the City of New York, to acquire real estate, etc. Report of commissioners set aside, and appointment of new commissioners ordered.

See, also, 116 N. Y. Supp. 640, 642.

Tompkins McIlvaine, for claimants.

Francis Kay Pendleton, Corp. Counsel.

TOMPKINS, J. After a careful consideration of the testimony given before the commissioners and the briefs submitted by counsel, and an examination of the photographs, I have reached the conclusion that the evidence does not establish the fact that the tracts of land in question are marketable as building lots, or that they have a market value as building lots, or that purchasers for such lots as the maps show the plots to have been subdivided into, and upon which lots the defendants' experts fixed separate values, can be found. Hence the testimony of the witnesses fixing values upon the separate lots into which the tracts have been subdivided on the maps was not competent or material on the question of the value of the tracts in their entirety or as a whole.

Parcel No. 1 consists of between 1 and 2 acres of cleared land, and is an irregular triangle in shape, with the apex at the corner of Jerome avenue and Central avenue. Parcel No. 3 consists of about 3⅓ acres of low land, thickly covered with brush and trees, and it is also an irregular triangle. No improvements have been made on either parcel, no streets laid out or graded, and no lot has been sold from either tract. The photographs show that the large tract is covered by dense woods and a heavy undergrowth, and that its surface is rough and irregular. They show a property that is not likely to become marketable as building lots for some time to come.

It seems to me that the proofs before the commissioners did not justify the admission of testimony as to the value of the tracts by lots, or the making of awards based upon the assumption that the property is valuable and marketable as lots; and my conclusion is that the evidence of values should have been limited to each of the two parcels as a whole.

The report of the commissioners is set aside, and new commissioners will be appointed.